IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DR. M. MUTHUSUBRAMANYAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 02-J-2796-NE |
| ) | |
| ALABAMA AGRICULTURAL & ) | |
| MECHANICAL UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**ENTERED**
**JAN 1 3 2003**

**MEMORANDUM OPINION**

Pending before the court is defendants' motion to dismiss (doc. 3), which was subsequently converted into a motion for summary judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed an evidentiary submission (doc. 4) and brief in support of said motion. Plaintiff filed an evidentiary submission (doc. 9) and brief in opposition to the motion. Defendants subsequently submitted a reply brief. The court has reviewed the defendants' motion and the parties' other submissions.

**I. Facts**

Plaintiff, Dr. M Muthusubramanyam, has been employed by defendant Alabama A&M University ("the University") since 1992 as an associate professor of civil engineering. Plaintiff's Affidavit. In 1999 and again in 2000, Plaintiff was denied a promotion to the rank of professor by the University. *Id.* Plaintiff alleges that the reasons

proffered by the University for his denial of a promotion, failure to publish research, were false. *Id.*

In 2000, plaintiff filed a claim with the grievance committee of the University in an effort to obtain his promotion. *Id.* In April 2001, the committee found that there was no reason plaintiff should have been denied a promotion and forwarded a recommendation to the Vice-President that plaintiff be promoted. *Id.* Plaintiff alleges that he never received a promotion through this grievance. *Id.*

In December 2001, plaintiff again applied for a promotion to professor. *Id.* In October 2002, plaintiff filed this action. Plaintiff was subsequently promoted to the position of professor. However, this promotion took effect with the beginning of the 2002-03 academic year. *Id.* Plaintiff seeks to have this promotion made retroactive to the 1999 academic year.

Plaintiff's action names the University, and the University president and trustees in their individual and official capacities as defendants.

## II. Analysis

Plaintiff brings a variety of claims against the defendants including a federal due process and equal protection claims pursuant to 42 U.S.C. § 1983, breach of contract, declaratory judgment and a writ of mandamus. At the outset, the parties agree that plaintiff's due process and equal protection claims pursuant to 42 U.S.C. §1983 against

the defendants in their official capacity are due to be dismissed due to the defendants' immunity under the Eleventh Amendment. However, plaintiff asserts that his due process and equal protection claims pursuant to §1983 against the defendants in their individual capacities are still viable.

Defendants state a variety of defenses and arguments for why these due process and equal protection claims should be dismissed including that (1) plaintiff does not possess a property interest that would support his due process claim, (2) plaintiff failed to exhaust his state law remedies, and (3) defendants are entitled to qualified immunity.

However, the court need not even consider these defenses because it is clear that the plaintiff has not alleged, much less presented any evidence, that the defendants **in their individual capacities** as trustees and president of the University deprived the plaintiff of any of his constitutional rights pursuant to 42 U.S.C. § 1983. The plaintiff has failed to allege any specific action or omission by the defendants that could form a basis for their liability in their individual capacities. Furthermore, liability cannot be imposed on a supervisory official based on their subordinates actions through a theory of respondeat superior in 42 U.S.C. § 1983 cases. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1035 (11th Cir. 2001); *Bernard v. Calejo*, 17 F.Supp.2d 1311, 1314 (S.D. Fl. 1998). As plaintiff has failed to present any evidence or even allegation that could support a claim against the defendants in their individual capacities, these claims are due to be dismissed.

Other than plaintiff's 42 U.S.C. § 1983 claims, plaintiff has only state law claims against defendant. As plaintiff's only federal law claims are due to be dismissed, this court is entitled to exercise its discretion and remand the plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3) provides that "[t]he district court[] may decline to exercise supplemental jurisdiction over a claim under subsection(a) if the district court has dismissed all claims over which it has original jurisdiction." *See also Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *Hardy v. Birmingham Board of Education*, 954 F.2d 1546, 1550 (11th Cir. 1992). The court declines to exercise supplemental jurisdiction over these claims.

### III. Conclusion

Based upon all of the foregoing, defendant's motion for summary judgment is **GRANTED** as to plaintiff's 42 U.S.C. §1983 claims. Plaintiff's 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE.** Plaintiff's remaining state law claims against defendant are remanded to the Circuit Court of Madison County, Alabama. Each party is to bear its own costs.

**DONE** and **ORDERED** this ___13___ day of January, 2003.

Inge P. Johnson
U.S. District Judge